783 F.2d 95
 William LOVELL, Jr., Elizabeth Roat, and Donald Christer,
Plaintiffs-Appellants,
v.
CITY OF KANKAKEE, an Illinois municipal corporation; Warren
Hedger, in his capacity as Building Inspector for the City
of Kankakee; and Howard Grueneberg, in his capacity as
Assistant Building Inspector for the City of Kankakee,
Defendants-Appellees.
 No. 85-1867.
 United States Court of Appeals,
Seventh Circuit.
 Argued Oct. 25, 1985.
Decided Feb. 11, 1986.
 
 Charles E. Ruch, Jr., Peterson, Deck, Ruch & Baron, Kankakee, Ill., for plaintiffs-appellants.
 Gary L. Brown, Kankakee, Ill., for defendants-appellees.
 Before BAUER, WOOD, and ESCHBACH, Circuit Judges.
 HARLINGTON WOOD, Jr., Circuit Judge.
 
 
 1
 Plaintiffs, William Lovell, Jr., Elizabeth Roat, and Donald Christer, brought an action purusant to 42 U.S.C. Sec. 1983 against the City of Kankakee, Warren Hedger, in his capacity as Kankakee building inspector, and Howard Grueneberg, in his capacity as assistant building inspector. Plaintiffs sought declaratory and injunctive relief with respect to a Kankakee ordinance which, among other things, prohibited the display of political signs in residential areas. Defendants later stipulated in court that they would not enforce the sign ordinance and would allow political signs to be freely posted throughout Kankakee. As a result of this settlement, the district court dismissed plaintiffs' section 1983 action as moot.
 
 
 2
 Plaintiffs then sought to recover their attorney's fees pursuant to 42 U.S.C. Sec. 1988. The district court denied the motion for fees on grounds that the sign ordinance issue had been settled prior to the commencement of plaintiffs' action. After reviewing the record it appears that the identities and relationships of the people involved, as well as the timing of certain aspects of the case, were not made clear to the trial judge. In our view this led the district court to err in concluding that the controversy had already been settled by the parties. Accordingly, we must reverse the decision of the court and remand the case for a fee determination.
 
 I.
 
 3
 In anticipation of general elections to be held on April 2, 1985, Roat and Lovell placed signs in their front yards supporting the candidacy of Christer for township road commissioner. On February 28, Roat received a letter from Grueneberg in which he stated that Roat's political sign was in violation of Kankakee's sign ordinance and requested that she remove it. Roat did not remove the sign and on March 4, according to plaintiffs' complaint, Kankakee employees, acting at the direction of Hedger and Grueneberg, removed the sign without Roat's permission. Lovell also received an identical letter dated March 5 requesting that he too remove his political sign.
 
 
 4
 Plaintiffs filed suit on March 8, 1985, seeking a declaratory judgment regarding the constitutionality of Kankakee's sign ordinance and a temporary restraining order enjoining its enforcement in the interim. At a hearing on the motion for the temporary restraining order on March 11, defendants sought to settle the controversy and eventually agreed not to enforce the ordinance. The district court then dismissed plaintiffs' section 1983 action as moot.
 
 
 5
 Subsequently, plaintiffs moved to recover their attorney's fees. The district court denied plaintiffs' motion stating that there was not the requisite causal connection between the plaintiffs' suit and the defendant's actions mooting the claim to justify a fee award under section 1988. The district court based its decision upon the affidavit of William Taube, Kankakee's city attorney. Taube stated that on March 1, 1985, he was contacted by Shirley St. Germaine, chairman of the Kankakee County Democratic Central Committee, regarding the sign ordinance. Later in that day Taube informed Mrs. St. Germaine, through her attorney, that Kankakee did not intend to enforce the ordinance until a determination regarding its constitutionality was made. Noting that "the parties conferred by telephone on March 1, 1985, in order to resolve this issue," and that Kankakee had agreed not to enforce the sign ordinance, the district court ruled that the "object of [plaintiffs'] action apparently was accomplished before the filing of the complaint and motion for a temporary restraining order." The court therefore concluded that plaintiffs were not prevailing parties entitled to attorney's fees.
 
 II.
 
 6
 The sole issue raised by this appeal is whether the district court abused its discretion in denying plaintiffs' motion for an award of attorney's fees. In pertinent part, 42 U.S.C. Sec. 1988 provides that in section 1983 actions, among others, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." It is well-established that a denial of fees by the district court should be overturned only upon a showing of abuse of discretion. See, e.g., Linhart v. Glatfelter, 771 F.2d 1004, 1011 (7th Cir.1985).
 
 
 7
 For purposes of section 1988, plaintiffs are deemed to be prevailing parties " 'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' " Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir.1978)). The fact that a case is settled prior to any formal adjudication on the merits is not a bar to plaintiffs' recovery of attorney's fees. Simply because plaintiffs "prevailed through a settlement rather than through litigation does not weaken [their] claim to fees." Maher v. Gagne, 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980). In cases where a settlement is reached, the test for determining whether plaintiffs are prevailing parties is twofold. First, "plaintiffs' lawsuit must be causally linked to the achievement of the relief obtained." Harrington v. DeVito, 656 F.2d 264, 266 (7th Cir.1981), cert. denied, 455 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 854 (1982). In other words, plaintiffs' lawsuit must "have played a provocative role in obtaining relief...." Id. at 267. The second prong of the test requires that defendants "not have acted wholly gratuitously, i.e., the plaintiffs' claims, if pressed, cannot have been frivolous, unreasonable, or groundless." Id. at 266-67 (citing Nadeau, 581 F.2d at 280-81; United Handicapped Federation v. Andre, 622 F.2d 342, 346-47 (8th Cir.1980)). Accord Illinois Welfare Rights Organization v. Miller, 723 F.2d 564, 566 (7th Cir.1983).
 
 
 8
 In the instant case, no one contends that plaintiffs' action was wholly frivolous or unreasonable. Indeed, the district court's only grounds for denying fees was that plaintiffs had reached an agreement with defendants regarding the enforcement of the sign ordinance on March 1, seven days prior to the time that plaintiffs filed their action. In light of this "prior" settlement, the district court concluded that plaintiffs' action lacked the sufficient causal connection with defendants' decision not to enforce the ordinance necessary to justify a fee award. We find that in basing its denial of fees on this settlement the district court abused its discretion.
 
 
 9
 A review of the record reveals that an agreement not to enforce the sign ordinance was reached on March 1 between Kankakee's city attorney and an attorney representing Mrs. St. Germaine, not plaintiffs. There is no evidence in the record that would indicate that Mrs. St. Germaine was acting as plaintiffs' representative with respect to the sign ordinance controversy; her attorney was similarly not acting on plaintiffs' behalf. Accordingly, the issue regarding the enforcement of the sign ordinance was not resolved on March 1, at least as it relates to the parties in this case. After this so-called settlement was reached, the matter, however, did not end.
 
 
 10
 Even if the parties had settled the issue on March 1, as defendants argue, plaintiffs still would have been justified in bringing their action on March 8. Defendants present no evidence to rebut Roat's assertion that Kankakee employees, acting pursuant to the orders of Hedger and Grueneberg, removed her political sign without permission on March 4. Defendants' only response is that there is no evidence in the record that would conclusively establish that Kankakee employees, as opposed to someone else, removed the sign. Nor do defendants deny the fact that Lovell received a letter dated March 5 requesting that he remove a political sign from his front yard. It is apparent, therefore, that, even if plaintiffs had been party to an agreement on March 1, which is denied, Kankakee violated the terms of the agreement by taking steps to enforce the ordinance on March 4 and 5 contrary to the agreement.
 
 
 11
 In short, plaintiffs, in bringing their action on March 8, were not seeking to litigate an issue that had been previously resolved. A review of the record indicates that plaintiffs' lawsuit resulted in defendants' stipulation in court not to enforce the sign ordinance subsequent to the settlement date of this case. See Harrington, 656 F.2d at 266. The plaintiffs, therefore, are prevailing parties for purposes of section 1988. Accordingly, we must reverse the decision of the district court and remand the case for an appropriate award of attorney's fees to plaintiffs for their efforts in obtaining a settlement and in litigating the fee issue. See Bond v. Stanton, 630 F.2d 1231, 1235 (7th Cir.1980). Circuit Rule 18 shall not apply.
 
 
 12
 REVERSED AND REMANDED.