## Harold SHEPARD, Plaintiff,

v.

## Otis R. BOWEN, M.D., Secretary of the Department of Health and Human Services of the United States of America, Defendant.

### No. 84–1139.

United States District Court,
C.D. Illinois,
Peoria Division.

Sept. 1, 1988.

Thomas M. Henry, Henry & Henry, Peoria, Ill., for plaintiff.

Bradley W. Murphy, Asst. U.S. Atty., Peoria, Ill., for defendant.

## ORDER

MIHM, District Judge.

In December of 1982, the Plaintiff, Harold Shepard (hereafter Shepard), filed an application for Social Security disability benefits claiming an inability to work due to a collapsed lung, difficulty breathing, and removal of part of his colon (Tr. 72–75, 76–85). At the hearing held before the ALJ on his applications, Shepard testified that he had been an alcoholic all of his life (Tr. 63). Shepard's brother testified that Shepard had always maintained the ability

---

to support himself and was not likely to spend all of his money on alcohol (Tr. 61–65, 68). In summation, Shepard's counsel argued that Shepard's principle problem was difficulty breathing, with drinking as a contributing collateral problem (Tr. 64–65).

The Administrative Law Judge (hereafter ALJ) considered Shepard's claim and denied it on December 15, 1983 (Tr. 11–16). The Appeals Council declined review on March 30, 1984 (Tr. 3–4). Shepard commenced a civil suit in May 1984 pursuant to § 205(g) of the Social Security Act, 42 U.S. C. § 405(g).

In October 1984, Shepard moved for summary judgment alleging a lack of articulation in support of the ALJ's finding that he did not "have an impairment or combination of impairments" which matched the impairments set forth by the Secretary (Tr. 15, Finding No. 3). Alternatively, Shepard asserted that he met the following listings: (1) § 2.09 (organic loss of speech); (2) § 3.02 (chronic obstructive airway disease); (3) § 3.09 (mycotic infection of lung); (4) § 3.11 (cor pulmonale); (5) § 4.02(D) (cor pulmonale); and (6) § 12.04 (functional non-psychotic disorders). Shepard also asserted that the ALJ did not articulate a rationale for rejecting his claim that a combination of his impairments constituted disability. Finally, Shepard contended that the ALJ improperly applied the Medical–Vocational Guidelines (hereafter grid) to direct a conclusion that Shepard was not disabled under the Act.

The Secretary found that the evidence did not establish that any listing was met or equaled, Shepard did not establish an exacerbation of his longstanding alcoholism, Shepard's testimony and medical evidence supported the Secretary's conclusion that Shepard's impairments did not significantly affect his ability to perform a full range of sedentary work, and implicitly that the ALJ's written decision adequately informed the Court of the basis for the Secretary's final decision.

Shepard brought his claim before this Court and in a slip opinion entered on May 21, 1985, the Court rejected his contention that his impairments met or equaled the listings set forth in §§ 2.09, 3.02, 3.09, 3.11, and 4.02(D). *Shepard v. Heckler,* No. 84–1139, slip op. at 9–10 (C.D.Ill., May 21, 1985). This Court rejected Shepard's contention that he had demonstrated the applicability of listing subsections 12.04(A)(2), (6), or (7). *Id.* at 11. However, the Court held that some of the evidence in the record could possibly support a finding that Shepard's chronic alcoholism equaled the listing of subsections 12.04(A)(1) and (B). *Id.* at 11–12.

This Court remanded the case to an ALJ so that the Secretary could articulate its reasons in support of its finding that Shepard had not established that his impairments met or equaled any of the listings in Appendix 2. *Id.* Further, the Court stated that the ALJ had failed to consider the combined effects of Shepard's complaints and had inappropriately applied the grid where evidence of a non-exertional impairment existed. *Id.* at 12–13.

During the period of time that this Court had the parties' motions under consideration, Shepard filed a new application for benefits on April 10, 1984, in which he alleged disability due to difficulty breathing, pain and stiffness in his legs, bowel impairment, irritation of the eyes, and a heart condition (Tr. 289). On July 15, 1985, pursuant to this Court's order, the Appeals Council vacated its denial of review of the original set of applications and remanded the case to an ALJ for further proceedings (Tr. 280). A new ALJ considered the entire case, on remand, including the second set of applications, and on August 6, 1985, recommended that Shepard be found disabled (Tr. 393–395). As part of his recommended decision, the ALJ found that Shepard had not established an impairment or combination of impairments listed by the Secretary. He found that Shepard's residual functional capacity for a full range of sedentary work was reduced by constant disabling shortness of breath, which in combination with his other vocational factors would render him unable to work (Tr. 398, Findings No. 7 and 11).

This August 6, 1985 order dealt exclusively with Shepard's physical impairments,

in violation of this Court's remand order. Shepard's counsel filed a letter on August 14, 1985, with the Appeals Council in which he asserted that the proposed remand decision of August 6, 1985 should not be accepted by the Appeals Council for it failed to comply with this Court's remand order in failing to evaluate the severity of Shepard's alcoholism and the combined effects thereto. In response to this letter and the fact that the Act's regulations concerning mental impairments had been modified effective August 28, 1985, the Appeals Council remanded the case on December 30, 1985 for further development under the new regulations.

The remand ALJ obtained new evidence, including evaluations by a clinical psychologist and a psychiatrist and heard testimony from a board certified psychiatrist (Tr. 261, 262). The ALJ applied the new regulations and recommended that Shepard be found to have established a listed mental impairment; specifically, listing 12.02 (Tr. 264, Finding No. 4).

The parties are in dispute as to whether Shepard would have been found disabled under the old listing had the case properly been considered under that section of the Act. However, this Court finds that listing 12.02 (August 28, 1985) differs significantly enough from former listing 12.04(A)(1) that in its opinion Shepard would not have been found disabled under the prior listing.

The Appeals Council adopted the recommended decision of the ALJ as the final decision of the Secretary on January 9, 1987 modifying recommended Finding No. 4 to show that as of July 23, 1982 Shepard's impairments met the requirements of listing 12.02(A)(2), (3), (4), (5), (6), and (B)(1), (2), (3), (4) (Tr. 256). The Court entered judgment in favor of Shepard on April 23, 1987. *Shepard v. Heckler, sub. nom., Shepard v. Bowen,* No. 84-1139 (S.D.Ill. April 23, 1987).

Pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act (hereafter EAJA), Shepard's attorney petitioned the Court for attorney's fees. The Secretary opposed the Petition on the grounds that Shepard did not "prevail" within the meaning of the EAJA because his receipt of benefits resulted from a change in circumstance, rather than litigation of the merits. After holding oral argument on Shepard's petition under EAJA, the Court found that the benefits awarded to Shepard were the result of a change in circumstance rather than the litigation of the merits in that the change in the regulations, in addition to, new evidence in the record, singly and in combination, constituted a change in circumstance which caused the receipt of Shepard's benefits in this case. Therefore, the Court held that Shepard did not prevail within the meaning of the EAJA because of an intervening change in circumstance, rather than his litigation. The Court does not assert that the record before remand and the record after remand were totally unrelated to one another. However, the Court does find that an intervening variable, the mental impairment regulation modification, was a significant factor in the award of benefits to Shepard rather than Shepard's litigation.

It is ordered that Shepard's Petition for Attorney's Fees pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act, are DENIED.