898 F.2d 1267
 29 Soc.Sec.Rep.Ser. 165, Unempl.Ins.Rep. CCH 15315A
Harold SHEPARD, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D.,* Secretary of the
Department of Health and Human Services of the
United States of America, Defendant-Appellee.
 No. 88-3024.
 United States Court of Appeals,
Seventh Circuit.
 Argued Nov. 2, 1989.
Decided April 2, 1990.
 
 Thomas M. Henry, Peoria, Ill., for plaintiff-appellant.
 Donald T. McDougall, Felisia A. Wesson, Dept. of Health and Human Services, Region V, Office of Gen. Counsel, Chicago, Ill., Bradley W. Murphy, Asst. U.S. Atty., Office of U.S. Atty., Peoria, Ill., for defendant-appellee.
 Before CUDAHY, POSNER and MANION, Circuit Judges.
 MANION, Circuit Judge.
 Plaintiff Harold Shepard appeals the district court's denial of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412(d)(1)(A). Because Shepard was not a "prevailing party" within the EAJA's meaning, we affirm.
 
 I. FACTS
 
 1
 Harold Shepard filed concurrent applications for disability insurance benefits and supplemental security income on December 23, 1982 with the Department of Health and Human Services. He alleged disability due to a breathing impairment and partial removal of his colon. At a subsequent administrative hearing, Shepard testified that he used prescribed medications for his breathing impairment. He was hospitalized in August 1982 for a fungal infection of his lungs at which time doctors removed the upper left lobe of his lung. At the same time, Shepard had an appendectomy and surgery for resection of his colon. Shepard testified that he had a stomach ulcer and occasionally took laxatives but no prescribed medications. He had been drinking a six-pack of beer per day for thirteen years, and he continued to drink. The medical evidence indicated that Shepard had a history of alcoholism. Shepard's brother testified that Shepard spent a good deal of money on alcohol, but had always maintained a living and was unlikely to squander all his funds on drinking.
 
 
 2
 The ALJ determined that Shepard's alleged impairments, including severe alcoholism, chronic obstructive and restrictive lung disease, mitral valve prolapse, cor pulmonale, and the residuals of a partial colectomy and resection of the terminal ileum, considered singly and in combination, did not meet or equal any condition listed in 20 C.F.R. Sec. 404, Subpt. P, App. 1 ("the Listings"), in effect at that time. The ALJ further determined that Shepard had a very limited capacity for sedentary work. After consulting the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subp. P, App. 2 ("the Grid"), the ALJ found that Shepard was not disabled. On March 30, 1984, the Appeals Council declined Shepard's request to review the ALJ's adverse findings.
 
 
 3
 Shepard filed a civil action in federal district court on May 7, 1984, seeking judicial review under Sec. 205(g) of the Social Security Act, 42 U.S.C. Sec. 405(g). Shepard requested relief on the grounds that the ALJ's decision was unsupported by substantial evidence and that the ALJ had failed to apply the correct rule of law. Shepard claimed the ALJ had not sufficiently articulated why Shepard's impairments did not meet the appropriate section of the Listings, and he specifically contended that he met or equaled Listings Secs. 2.09 (organic loss of speech), 3.02 (chronic obstructive airway disease), 3.09 (mycotic infection of the lung), 3.11 (cor pulmonale), 4.02(D) (congestive heart failure with cor pulmonale), and 12.04 (functional nonpsychotic disorders; psychophysiologic, neurotic and personality disorders; addictive dependence on alcohol or drugs). Shepard also argued that the ALJ failed to articulate a rationale for rejecting the claim that the combined effect of Shepard's impairments rendered him disabled. Finally, Shepard objected to the ALJ's application of the Grid to direct a finding of not disabled in view of evidence of alcoholism. Shepard did not argue that he met the Listing for organic mental disorders, Sec. 12.02, but that was the Listing, as revised in August 1985, under which he ultimately was awarded benefits.
 
 
 4
 The district court rejected all of Shepard's claims except as to Listing Sec. 12.04(A)(1) and (B). The court held that some of the evidence could indicate that Shepard's chronic alcoholism had resulted in a marked restriction of his activities, deterioration of personal habits, and an impaired ability to relate to others. The court held that because the ALJ had not explained his rationale for finding that Shepard's alcoholism did not meet (A)(1) and (B) of Listing Sec. 12.04, the court was unable to hold that this finding was supported by substantial evidence. In addition, the court held that the ALJ's failure to consider Shepard's various impairments in combination and the incorrect application of the Grid also warranted remand. On July 15, 1985, in conformity with the district court's order, the Appeals Council vacated its denial of Shepard's request for review and remanded the case to an ALJ for further proceedings consistent with the court's opinion.
 
 
 5
 The ALJ issued a recommended decision on August 6, 1985, concluding that Shepard had not demonstrated that his various breathing impairments and alcoholism met or equaled any condition set forth in the Secretary's Listings of impairments. The ALJ recommended finding that Shepard was unable to work due to disabling shortness of breath and other vocational factors. Shepard urged the Appeals Council to adopt the ALJ's proposed decision insofar as it found him disabled, or alternatively to give Shepard an administrative hearing.
 
 
 6
 In the meantime, on September 19, 1984, Congress passed the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98-460, 98 Stat. 1801, which became effective on October 9, 1984. The Act required new mental impairment Listings to be developed and published, and those revised mental impairment Listings were published in final form on August 28, 1985, while the ALJ's recommended decision was pending before the Appeals Council. The Reform Act did not preclude new decisions utilizing the prior Listings, but required the Secretary to review any initial determination of non-disability made subsequent to the date of enactment and before codification of the new mental impairment Listings in cases where the evidence suggested the existence of a mental impairment. The Act provided that claimants who submitted evidence of a mental impairment should be evaluated under the revised Listings and in combination with the assessments of mental health and vocational specialists concerning the claimant's residual functional capacity and ability to function competitively in the workplace. 1984 Reform Act, Sec. 5(a) and (c).
 
 
 7
 After reviewing the record, the Appeals Council found that the evidence then in the record did not support the recommended conclusion that Shepard was disabled because "the evidence does not support a finding that the claimant is limited to sedentary work, or that his history of alcoholism severely affects his ability to perform work-related activities." However, the Appeals Council found that Shepard qualified for redetermination under the 1984 Reform Act, and therefore remanded the case to the ALJ for reconsideration under the newly revised mental impairment Listings. The ALJ was ordered to obtain psychiatric examinations, psychological testing, and a medical assessment of Shepard's ability to reason and make occupational, personal, or social adjustments. The Appeals Council instructed the ALJ to secure the services of a medical advisor to assist in establishing Shepard's residual functional capacity and to ascertain what, if any, nonexertional restrictions Shepard had as a result of his impairments. The Appeals Council also directed the ALJ to consider Shepard's impairments both singly and in combination, and, if appropriate, to elicit testimony from a vocational expert concerning Shepard's prospects for employment.
 
 
 8
 After the second remand from the Appeals Council, the ALJ conducted a supplemental hearing on September 15, 1986. Dr. Sam Decker, a board-certified psychiatrist, acted as a medical advisor at the hearing. The ALJ also ordered consultative examinations by a clinical psychologist, Dr. Alexander Boeringa, and a psychiatrist, Dr. Robert E. Chapman. Based on his examination, Dr. Boeringa reported that in addition to chronic alcoholism, Shepard exhibited depressive symptomatology, swelling and psychomotor retardation, and possible mild dementia associated with prolonged heavy ingestion of alcohol. Dr. Boeringa stated that this "organic difficulty seems to interfere with [Shepard's] social and occupational functioning, memory impairment, difficulty in abstract thinking, and concrete interpretation of proverbs and impaired judgment in the absence of either delirium or acute intoxication." Dr. Boeringa diagnosed "alcohol dependence and presumptive mild dementia associated with alcoholism [,] mild depression secondary to chronic alcoholism" and "organic impairment secondary to chronic alcoholism."
 
 
 9
 Dr. Chapman, a psychiatrist and neurologist, examined Shepard after reviewing Dr. Boeringa's report and other medical evidence regarding Shepard. He reported that Shepard appeared chronically mentally ill. He stated that Shepard had symptoms of depression, exercised poor judgment, and had a "paucity of thought processes" as evidenced by his limited daily activities. Dr. Chapman assessed Shepard's mental ability to perform work activities as generally poor and stated that Shepard could not manage benefits in his own best interest.
 
 
 10
 Dr. Decker, the medical advisor at the administrative hearing, evaluated the medical evidence, including the reports of Drs. Boeringa and Chapman, and concluded that Shepard had an organic personality disorder with alcohol dependence and a dependent personality disorder that met the criteria of the revised Listing Sec. 12.02. The ALJ issued a new recommended decision finding that Shepard had an organic personality disorder and a substance addiction disorder that met the level of severity required by the new Listings promulgated on August 28, 1985. Specifically, he recommended finding that Shepard met the revised Sec. 12.02 of the Listings. The ALJ recommended that Shepard was entitled to disability benefits. The Appeals Council modified the ALJ's finding solely to specify the exact subsections of Sec. 12.02 which Shepard met, and adopted the determination that Shepard was disabled. The district court subsequently entered judgment in favor of Shepard.
 
 
 11
 Shepard petitioned the district court for attorney's fees under the EAJA. The Secretary filed a brief in opposition to Shepard's petition, asserting that Shepard was not a prevailing party within the meaning of the EAJA because intervening circumstances and not the litigation were the cause of the benefits award. The Secretary also argued that the government's litigation positions were substantially justified, thereby precluding recovery of attorney's fees under the EAJA.
 
 
 12
 After reviewing the briefs and hearing oral argument on Shepard's EAJA petition, the district court ruled in the Secretary's favor and denied the petition for attorney's fees. The court held that a change in the mental impairment regulations and new evidence in the record, singly and in combination, constituted a change in circumstance that deprived Shepard of prevailing party status. Having found as a threshold matter that Shepard was not a prevailing party, the court never addressed the issue of whether the Secretary's position was substantially justified. Shepard subsequently filed a timely notice of appeal.
 
 II. ANALYSIS
 The EAJA provides:
 
 13
 Except as otherwise specifically provided by statute a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 14
 28 U.S.C. Sec. 2412(d)(1)(A).
 
 
 15
 The sole issue on appeal is whether Shepard is a prevailing party in this action. The district court concluded he is not, and we may not overturn this conclusion absent an abuse of discretion. Lovell v. City of Kankakee, 783 F.2d 95, 96 (7th Cir.1986).
 
 
 16
 In Texas State Teachers v. Garland Independent School District, --- U.S. ----, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), the Supreme Court stated, "[P]laintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Id. 109 S.Ct. at 1491, quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). However, the fact that a plaintiff filed an action and subsequently achieved his desired relief is not enough. The lawsuit must play a "provocative role" in securing the relief. Lovell, 783 F.2d at 97. If this element of causation does not exist, the plaintiff is not a prevailing party even though he appears to "prevail." Attorney's fees under the EAJA are not available for agency actions but are available for judicial review of such actions if the plaintiff ultimately prevails on his claim. Berman v. Schweiker, 713 F.2d 1290, 1296 (7th Cir.1983). A remand order alone does not confer prevailing party status upon a plaintiff. Singleton v. Bowen, 841 F.2d 710, 711 (7th Cir.1988).
 
 
 17
 In this case, Shepard appealed the Appeals Council's denial of review to the district court. The district court remanded, directing further elaboration of the ALJ's reasons for denial as to Listing Sec. 12.04(A)(1) and (B). The ALJ eventually ruled in favor of Shepard, finding he was disabled under Listing Sec. 12.02 of the newly-promulgated revisions. In ruling for Shepard, the ALJ specifically relied on the new revisions rather than the district court's remand order. As the district court stated in its order denying attorney's fees, "[T]he benefits awarded to Shepard were the result of a change in circumstance rather than the litigation of the merits in that the change in the regulations, in addition to new evidence in the record, singly and in combination, constituted a change in circumstance which caused the receipt of Shepard's benefits in this case." Shepard v. Bowen, 695 F.Supp. 985, 987 (C.D.Ill.1988) (order denying attorney's fees).
 
 
 18
 The district court had remanded the case for further elaboration of the Secretary's reason for denial of claims under Sec. 12.04(A)(1) and (B):
 
 
 19
 The Court does not believe that Plaintiff has adequately demonstrated the applicability of Sec. 12.04(A)(2), (6) or (7). There is, however, some evidence in the record to show that Plaintiff suffers from a stomach ulcer, albeit not a bleeding one. Moreover, there is evidence, provided by Plaintiff himself, his brother, and his doctors, which would support a finding that there was a marked restriction of his activities and interests as well as deterioration in his personal habits and impaired ability to relate to other people. In view of the failure of the ALJ to give reasons for his contrary finding on which the Court can rely for review, it is not possible for the Court to find that this determination is supported by substantial evidence. Therefore, remand appears to be warranted with respect to the disabling effects of Plaintiff's chronic alcoholism.
 
 
 20
 Shepard, No. 84-1139 at 11-12 (C.D.Ill. May 21, 1985) (remand order). Furthermore, the court directed the Secretary to "consider the combined effects of the Plaintiff's many and varied complaints." Id. at 13. However, the Appeals Council's final decision awarded Shepard benefits solely under the newly-revised Sec. 12.02. Since the district court's remand order did not even mention Sec. 12.02, the final award of benefits cannot have been in response to the remand. The remand did not play a "provocative role" in securing the relief as is required by Lovell. The final award was instead caused by the revision of the Listings. If Shepard's suit caused this revision, a sufficient nexus would exist such that Shepard would be a prevailing party. However, the district court found that the lawsuit did not cause the revision, and Shepard does not argue that it did.
 
 
 21
 In Hendricks v. Bowen, 847 F.2d 1255 (7th Cir.1988), an ALJ rejected Hendricks' claim for Social Security benefits. The Appeals Council denied review. Hendricks sought review in federal district court. While his case was pending, Congress passed the Reform Act of 1984 which mandated reconsideration of pending cases under the new standards. The magistrate remanded the decision to the Secretary, who then determined that Hendricks' benefits should be reinstated. However, the district court denied Hendricks' petition for attorney's fees, holding the Secretary's position was substantially justified and Hendricks was not a prevailing party. The Seventh Circuit affirmed, citing Singleton, Lovell, and Truax v. Bowen, 842 F.2d 995 (8th Cir.1988).
 
 
 22
 We agree with [the analysis of Singleton, Lovell, and Truax ]. The nexus between Congress' action and Mr. Hendricks' suit is too attenuated to conclude that the latter played a "provocative role" in causing the former. The Secretary did not reinstate Mr. Hendricks' benefits because the Secretary wanted to compromise a dispute or because he became convinced that his prior position was unprincipled. Rather, the Secretary reinstated Mr. Hendricks' benefits because Congress mandated reconsideration of all such currently pending claims under a newly enacted standard. Admittedly, as the court noted in Truax, claimants like Mr. Hendricks would not have been entitled to disability benefits if they had not pursued fully their legal remedies. But only in a hypertechnical sense does this make Mr. Hendricks' lawsuit the "cause" of his victory. The proximate cause of his victory was the congressional enactment of a standard under which he was entitled to relief. We simply do not believe that Congress envisioned the "prevailing party" language in the EAJA to be so broad as to encompass the instant circumstances.
 
 
 23
 Hendricks, 847 F.2d at 1258.
 
 
 24
 Shepard argues Hendricks does not apply because this case was remanded for reasons independent of the Reform Act of 1984, whereas Hendricks was remanded solely because of the Reform Act. However, under Lovell, we are only concerned with the cause of the final relief, not of the intermediate remand order. In this case, just as in Hendricks, a change in the governing law caused the Secretary to change his initial determination. This break in the chain of causation deprives Shepard of prevailing party status, just as it deprived Hendricks.
 
 
 25
 Shepard further contends that he would have won his benefits even under the old Listings, and should not be deprived of his attorney's fees simply because the government unilaterally changed the standards. Shepard's position finds support in Judge Easterbrook's concurrence in Hendricks, which opined "[a]n award is both appropriate and necessary when the claimant would have prevailed in his request for benefits, and would have recovered fees had the Reform Act never existed." Hendricks, 847 F.2d at 1259. However, as Judge Easterbrook noted, the majority opinion in Hendricks does not require an inquiry as to whether the claimant would have won under the old standards. It is enough, according to the majority, that the chain of causation was broken. This holding is consistent with Lovell, which focuses solely upon whether the litigation caused the final relief and does not consider whether the claimant would have recovered absent the intervening cause.
 
 
 26
 We note, however, the district court in this case held that "in its opinion Shepard would not have been found disabled under the prior listing." Shepard v. Bowen, No. 84-1139 at 5 (C.D.Ill. Sept. 1, 1988) (order denying attorney's fees). The plaintiff bears the burden of proving he is a prevailing party under the EAJA. Environmental Defense Fund, Inc. v. Watt, 554 F.Supp. 36, 39 (E.D.N.Y.1982), aff'd, 722 F.2d 1081 (2d Cir.1983). In this case, Shepard failed to rebut the Secretary's argument that he would not have recovered under the old Listings. In fact, Shepard did not file a reply brief at all in response to the Secretary on appeal. Shepard is not a prevailing party in this action.
 
 The decision of the district court is
 
 27
 AFFIRMED.
 
 
 
 *
 Louis W. Sullivan, M.D. has been substituted as Appellee for Otis R. Bowen, M.D. pursuant to Fed.R.App.P. 43(c)