Visente GARZA, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

Civ. No. S 87–458.

United States District Court, N.D. Indiana, South Bend Division.

Jan. 7, 1991.

Aladean M. DeRose, South Bend, Ind., for plaintiff.

Clifford D. Johnson, Asst. U.S. Atty., South Bend, Ind., for defendant.

ALLEN SHARP, Chief Judge.

*Order on Claimant's Renewed Petition for Attorney Fees*

After several years of litigating his entitlement to social security disability bene-

fits, Visente Garza recently prevailed [1] on his claim. In July 1990 an administrative law judge determined that Garza has been under a statutory disability since December 19, 1986, thus entitling him to receive disability insurance benefits under the Social Security Act. Garza's counsel, Aladean M. DeRose, who is a very capable local attorney, now petitions this court to award her attorney fees for representing Garza throughout his legal ordeal. On behalf of her client, DeRose seeks to invoke the Equal Access to Justice Act (EAJA), which awards:

> to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Thus, for Garza to succeed in his petition for fees and costs under the EAJA, he must show that he was a "prevailing party" and that the position of the United States was not "substantially justified." The United States responds that Garza fails each prong of the statute's two-step inquiry, and that his petition for fees and costs must accordingly be rejected. Because the Government's position was substantially justified, Garza's petition is hereby DENIED.

## I.

The tortuous procedural history in this case reflects the prevalent administrative snare that often entangles even deserving claimants. Garza first filed his application for disability benefits in April 1985. The Secretary of Health and Human Services (the "Secretary") denied his application initially [2] and on reconsideration. Garza then requested a hearing, which was held in April 1986 before administrative law judge ("ALJ") Richard C. Ver Wiebe. In a decision issued June 1986, ALJ Ver Wiebe found Garza not disabled and thus not entitled to benefits under the Social Security Act. Garza petitioned for administrative review of the ALJ's denial of benefits. Finding the ALJ's conclusions not supported by substantial evidence, the Appeals Council vacated the hearing decision and remanded the case to another ALJ, Edward Bayouth–Babilonia, for further proceedings. A subsequent hearing was held before the new ALJ, who in April 1987 determined that Garza was not disabled. That decision became the final decision of the Secretary when the Appeals Council denied Garza's timely request for review. Garza appealed to the district court seeking judicial review of the administrative ruling against him. In September 1989 this court found there was not substantial evidence to support the Secretary's decision of not disabled, and remanded the case to a new ALJ who was to conduct a full and fresh hearing and enter fresh findings. The new ALJ, Nestor E. Vega, did so. In July 1990 he determined that Mr. Garza is entitled to a period of disability commencing December 1986. Following his successful award, Garza instituted this action to recover attorney fees and costs under the EAJA.

## II.

That the United States lost on the merits in this case does not alone mean that its position was not "substantially justified." The Supreme Court held in *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), that the government's position was substantially justified—even if incorrect—where it was "justified to a degree that could satisfy a reasonable person" or had a "reasonable basis both in law and fact." *Id.* at 565, 108 S.Ct. at 2550. The Court specifically held that the government's position need not be "justified to a high degree." *Id.*

---

1. Merely because Garza has obtained the desired relief does not by itself make him a "prevailing party" under the EAJA. *Shepard v. Sullivan*, 898 F.2d 1267, 1271 (7th Cir.1990).

2. Without explanation, Garza received two initial denials before the Secretary denied his application at the reconsideration stage.

Garza maintains the government's position had no reasonable basis in law and fact because the "Secretary ignored the unequivocal opinion of [Garza's] treating physician and the great quantum of other medical evidence" in denying him disability benefits. The court disagrees.

This court remanded the Secretary's final decision[3] for fresh proceedings because the ALJ's finding of not disabled was not supported by substantial evidence. The court agreed with the claimant that the quantum of medical evidence did not support the ALJ's conclusion. The ALJ had based his determination on vocational expert testimony that Garza could perform a significant number of unskilled sedentary jobs in the national economy,[4] notwithstanding that Garza suffered physical and mental impairments and a diminished functional capacity due to an inability to understand and carry out complex job instructions, maintain concentration and work in highly stressful situations.

On remand the second ALJ acknowledged Garza's physical and mental impairments, but still found that Garza had the residual functional capacity to perform the physical exertional and nonexertional requirements of sedentary and light work. He noted, however, that Garza suffers additional nonexertional limitations—including considerable emotional distress, which the ALJ described as a "severe mental disorder"—that prevented him from making the vocational adjustment to work which exists in significant numbers in the national economy. On this basis the second ALJ found Garza under a disability since December 19, 1986.

The first ALJ also considered this medical evidence and believed Garza's main limitation was more a physical than a mental impairment. Relying on the opinions of Drs. Ciula and Greenlee (Tr. 297, 310), the ALJ found that Garza indeed suffered "some emotional problems and a learning disability, but is not considered by any examining psychologist or psychiatrist[ ] to have a severe mental disorder."

This court cannot conclude, as Garza urges, that the Secretary was not substantially justified in denying him disability benefits on the basis of this conflicting medical evidence. That the second ALJ reached a conclusion more to Garza's liking does not imply that the Secretary's position to deny benefits had no reasonable basis in law and fact. Medical professionals observing Garza's situation reasonably could—and did—differ on his disabled status. The Secretary's decision to defend one medical position over another was not under these facts substantially unjustified. Garza's petition for attorney fees and costs under the EAJA is accordingly DENIED.

---

3. in which the Appeals Council denied Garza's timely request for review of ALJ Bayouth–Babilonia's finding of not disabled.

4. including wire worker, electronics assembler and printed circuit board stuffer.