940 F.2d 666
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph SUWANSKI, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 90-2506.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 14, 1991.
Decided July 25, 1991.
 
 Before COFFEY, and EASTERBROOK, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 ORDER
 Joseph Suwanski appeals from the district court's denial of an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(d)(1)(A). We affirm.
 
 I.
 
 1
 Joseph Suwanski's request for attorneys fees arises from lengthy Social Security disability administrative proceedings that included three separate disability claims, all of which the Secretary denied. Only the latter stages of the Secretary's processing of Suwanski's 1983 benefits application, which led to the Secretary final decision denying benefits, are directly relevant to the question of Suwanski's entitlement to attorneys' fees.
 
 
 2
 Suwanski filed a claim for disability benefits, as a result of a back injury, on June 29, 1983. After a hearing on this claim, held before Administrative Law Judge John Mondi on June 25, 1985, Mondi determined that Suwanski had "the residual functional capacity for the performance of medium work activities of an unskilled nature." Based on this finding dealing with Suwanski's capacity for work, his age, education and work experience, the ALJ determined that Suwanski was "not disabled" under the Secretary's regulations.
 
 
 3
 Suwanski appealed the ALJ's decision to the Department's Appeals Council. Because Suwanski's claim had raised questions of mental as well as physical impairment, the Secretary of Health and Human Services was required to re-evaluate his claim under the new mental impairment regulations promulgated on August 27, 1985, pursuant to the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98-460, 98 Stat. 1801.[1] The Appeals Council apparently decided to remand Suwanski's claim to the Illinois Bureau of Disability Adjudication Services for a determination of Suwanski's claim under the Secretary's new regulations. The state agency denied Suwanski's disability benefits claim, Suwanski filed request for a hearing and his case was heard a second time by ALJ Mondi. In a decision on this claim dated June 9, 1987, ALJ Mondi considered Suwanski's claim that he was disabled as a result of physical problems (back injury) and mental difficulties (psychological problems, alcohol abuse and marginal education). ALJ Mondi found that Suwanski "has the residual functional capacity to perform the physical exertion and non-exertional requirements of work except for heavy lifting; understanding, remembering and carrying out detailed and complex job instructions; and working closely with other people under stress." As in his previous decision, the ALJ found that "based on an exertional capacity for medium work, and the claimant's age, education, and work experience, [the regulations] direct a conclusion of 'not disabled." '
 
 
 4
 In reaching his decision that Suwanski was not disabled, ALJ Mondi devoted a great deal of attention to Suwanski's argument that he had only a 6th grade education. Under the Secretary's regulations a 6th grade education would render Suwanski "marginally educated" and disabled when he reached age 60.[2] But, a 7th grade education constitutes a "limited education," that would bar a finding of disability at age 60 under regulations which provide that a person "closely approaching retirement age" (ages 60-64) with a "limited education" and unskilled work experience is not disabled. See 20 C.F.R. Part 404, Subpart P, App. 2, Sec. 203.03.[3] The ALJ stated:
 
 
 5
 "Counsel argues that the issue of education is a pivotal point in establishing disability, at least at the time the claimant attained age 60. Counsel attempts to explain a discrepancy in the claimant's testimony between a sixth and seventh grade education by stating that 'claimants frequently note the grade they dropped out of school rather than the last grade completed'. The Administrative Law Judge, however, is not persuaded with this argument. At the first hearing before the undersigned in June 1985, the claimant testified that he had a sixth grade education. Exhibit B-13 includes a letter dated November 13, 1985 from Sister M. Bonaventia Hoffman, Principal at Holy Innocents School (the school holding the records for St. Stephen's School), to the effect that the claimant only reached Grade 6 in 1938 at St. Stephen's School.
 
 
 6
 Previously, the claimant stated in September 1979 and June 1983 that he completed seven years of school and he confirmed this in his testimony at his first hearing before Judge Stein. Dr. Shepard, in his report on September 1983, noted that the claimant has a seventh grade education. Dr. Morrison, a psychiatrist, and Dr. Hemmerich, a psychologist, both noted in their reports, of March and April 1985, respectively [completed just one and two months prior to my first hearing], that the claimant had a seventh grade education.
 
 
 7
 It appears to the Administrative Law Judge that the claimant changed his testimony so that he would 'fit' into another category on the vocational grid. As such, his testimony in this regard, which is totally inconsistent with his earlier testimony and statements on multiple occasions, appears to be self-serving and therefore not credible. This fact is not rebutted by the letter from the principal; there is no indication that he might not have attended some other school. Nor is the fact rebutted by counsel's suggestion that claimants frequently note the grade they dropped out of school rather than the last grade completed, since, if Sister HoOffman's letter is taken at face value, the claimant did not even start seventh grade, which would then be inconsistent with counsel's reasoning in his argument. Moreover, in defining a marginal education, Regulation 404.1564 provides that 'We generally consider that formal schooling at a sixth grade level or less is a marginal education' and that a marginal education means the individual has skills in reasoning, arithmetic and language which are needed to do simple, unskilled types of jobs."
 
 
 8
 (citations omitted, emphasis in original). The ALJ's decision expressly found that Suwanski "has a 7th grade education," and, thus, has a "limited" rather than a "marginal" education.
 
 
 9
 Suwanski appealed ALJ Mondi's decision to the Appeals Council. On September 10, 1987, the Appeals Council held that there was no basis to grant Suwanski's request for review. The September 10 ruling also determined that ALJ Mondi's June 9, 1987 decision would stand as the final decision of the Secretary...." However, pursuant to the agency's grant of additional time to file other materials, Suwanski supplied the Appeals Council with a letter from his attorney dated September 11, 1987, in support of his disability claim. Attached to this letter was a report from Louis E. Hemmerich, a psychologist, which included findings concerning Suwanski's mental condition as well as the results of a "Wide Range Achievement Test" which reflected that Suwanski read at a beginning 6th grade level, spelled at a beginning 4th grade level and performed arithmetic at a beginning 5th grade level. After considering this evidence the Appeals Council issued a decision dated October 27, 1987. The Appeals Council determined that there was no basis for vacating its decision of September 10, and that ALJ's Mondi's decision would become the Secretary's final decision. In reaching its conclusion, the Appeals Council stated:
 
 
 10
 "The Appeals Council carefully considered the contentions raised in [Suwanski's] letter of September 11, 1987. These contentions were also considered by the Administrative Law Judge and the Council concurs in his findings in this regard. The claimant's earlier statements regarding his educational level effect more probative value. The report dated September 4, 1987 with attached physiatric review technique form from Louis E. Hammerich, (sic) Ph.D. was also considered by the Appeals Council. This report shows that while the claimant has some memory and depression problems, he was oriented, his affect was proper and he exhibited no disturbance in thought processes. The Council is of the opinion that this information does not warrant a change in the Administrative Law Judge's decision."
 
 
 11
 Suwanski sought judicial review of the Secretary's decision. The district court entered summary judgment in the Secretary's favor, holding that the record contained substantial evidence in support of the denial of benefits. With respect to Suwanski's level of education, the court observed that "[m]uch of the evidence in the record concerning Mr. Suwanski's education consists of Mr. Suwanski's statements," and that "the bulk of the testimony on this issue at Mr. Suwanski's various hearings supports the ALJ's conclusion that Mr. Suwanski has a seventh grade education." The judge summarized ALJ Mondi's discussion of the education issues as follows:
 
 
 12
 "Judge Mondi concluded based upon the evidence presented that Mr. Suwanski had a 7th grade education and that his testimony to the contrary was not credible. Judge Mondi opined that Mr. Suwanski changed his testimony in 1987 in order 'to "fit" into another category on the vocational grid.' The Judge was not persuaded by Mr. Suwanski's counsel's argument after the hearing that 'claimants frequently note the grade the dropped out of school rather than the last grade completed.' Moreover, the ALJ disregarded Sister Bonventia's letter because he said 'there is no indication that he might not have attended some other school.' "
 
 
 13
 After reviewing the administrative record and the ALJ's consideration of the issue of Suwanski's education, the court concluded that "Mr. Suwanski's repeated assertions in his disability reports and at his administrative hearings that he completed seven years of school provides substantial evidence supporting Judge Mondi's finding concerning Mr. Suwanski's educational level. Consequently, Judge Mondi correctly applied the medical-vocational guidelines in reaching a decision concerning Mr. Suwanski's educational level." Thus, the court concluded that "substantial evidence supports Judge Mondi's use of grid rule 203.03 in finding that Mr.Suwanski is not disabled under the Social Security regulations."[4]
 
 
 14
 Suwanski appealed the district court's ruling on the basis that he had a "marginal education" and was thus entitled to benefits beginning at age 60. Prior to oral argument the Secretary and Suwanski agreed to a settlement in which Suwanski would receive disability benefits beginning at age 60 and we granted the parties' joint motion for remand, dismissing Suwanski's appeal.
 
 
 15
 Suwanski filed a request for attorneys fees under the Equal Access to Justice Act. The district court denied this fees request, ruling:
 
 
 16
 "In its April 3, 1989 Memorandum Opinion and Order, this court detailed the Secretary's position over the course of this litigation. The court found that the Secretary's findings resulting in denial of Mr. Suwanski's disability insurance benefits were supported by substantial evidence, thus entitling the Secretary to entry of summary judgment in his favor.
 
 
 17
 Because the Secretary settled this case rather than defended Mr. Suwanski's appeal of this court's April 3, 1989 grant of summary judgment, Mr. Suwanski apparently believes that the Secretary's position was not substantially justified. However, settlement of this case is irrelevant to this court's determination.
 
 
 18
 Because it awarded summary judgment in Secretary's favor, this court obviously found the Secretary's position not only substantially justified, but compelling. Therefore, Mr. Suwanski's application for attorneys' fees under the EAJA is DENIED."
 
 
 19
 (Citations omitted). Suwanski appeals from the district court's denial of his request for attorneys' fees.
 
 II.
 
 20
 The issue on review is whether the Secretary's refusal to grant Suwanski benefits at age 60 was "substantially justified," precluding an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(d)(1)(A), which provides:
 
 
 21
 "Except as otherwise specifically provided by Statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party and any civil action ..., including proceedings for judicial review of agency action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust".
 
 
 22
 28 U.S.C. Sec. 2142(d)(1)(A).
 
 
 23
 In Pierce v. Underwood, 487 U.S. 552, 565 (1988), the United States Supreme Court held that the meaning of "substantially justified" under the Equal Access to Justice Act "is not 'justified to a higher degree,' but rather 'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person." 487 U.S. at 565. The court added that this definition of "substantially justified" is "no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of the other Court of Appeals that have addressed this issue." Id. (citing Ramos v. Haig, 716 F.2d 471, 473 (7th Cir.1983). In reviewing a trial court's determination on the substantial justification issue, "[w]e examine both the state of the law and the facts in the record to determine whether there was substantial justification." Frey v. Commodity Futures Trading Commission, 931 F.2d 1171, 1174 (7th Cir.1991). Furthermore, we review the district court's resolution of this question under an "abuse of discretion" standard. See, Pierce, U.S. at 557-63.
 
 
 24
 Initially we turn to the question of whether there was a reasonable basis in law for the Secretary's denial of benefits at age 60. This case does not present a controversy over legal issues. Neither party disputes that the question of whether Suwanski was entitled to benefits at age 60 turns upon whether his educational background comes within the category of "marginal education" (6th grade education or less) rather than "limited education") (7th grade or more). Thus, we are of the opinion that the record contains sufficient evidence to hold that there is a reasonable basis in fact for the Secretary to determine under the regulations, that Suwanski qualified for classification as a person possessing a "limited education."
 
 
 25
 In addressing the issue of whether there was a "reasonable basis in fact" for the Secretary's conclusion that Suwanski had a "limited" rather than a "marginal" education, the district court found that its ruling on summary judgment that "substantial evidence" supported the Secretary's educational finding required a conclusion that the lesser factual demonstration of a "reasonable basis in fact" for the Secretary's action was also satisfied. See Andrews v. Bowen, 848 F.2d 90, 100 (7th Cir.1988) ("It is obvious that a decision which is supported by substantial evidence is also substantially justified.") (emphasis in original). Suwanski asserts that the trial court abused its discretion in failing to make a de novo determination of the educational issue inresolving the attorneys' fees question. He contends that the trial court's methodology led to its improper disregarding of the achievement test results Suwanski submitted to the Appeals Council and of the favorable terms Suwanski had achieved following the trial court's entry of summary judgment.
 
 
 26
 When a trial court has determined that substantial evidence supports an administrative finding on a particular issue and the parties fail to present evidence of a change in the relevant facts between the trial court's prior decision and the attorneys' fees request, we refuse to require a district court to disregard and cast aside its previous findings and weigh all the facts anew. Suwanski alleges that the district court inappropriately ignored the achievement test evidence that had been submitted to the Appeals Council after the ALJ's decision because this evidence was not explicitly noted in the district court's summary judgment decision, its reconsideration decision or in its denial of attorney's fees. But, Suwanski's position is based on the mistaken notion that the trial court ignored this evidence merely because it did not explicitly mention it in any of these decision. We have recognized that "a trial court making findings of fact 'need not indulge in exegetics, or parse or declaim every fact and nuance and hypothesis" '[5] and that it is only "necessary' to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue." '[6] The factual record (as discussed in both the trial court's summary judgment decision and the ALJ's decision) provides a substantial basis for a finding that Suwanski had a 7th grade education, and thus, had a "limited education" under the Secretary's regulations. We are not convinced that the achievement test data Suwanski submitted to the Appeals Council mandates a conclusion that the Secretary lacked a reasonable basis in fact for making his educational finding in denying Suwanski benefits commencing at age 60.
 
 
 27
 With respect to Suwanski's assertion that the trial court inappropriately failed to give weight to the fact that he achieved a settlement that provided him with all the benefits that he sought in his appeal of the trial court's decision on the merits, we note that in resolving the question of whether an administrative action was "substantially justified," the Supreme Court in Pierce refused to give controlling weight to the government's willingness to settle a case on unfavorable terms:
 
 
 28
 "Respondents contend that the lack of substantial justification for the government's position was demonstrated by its willingness to settle the litigation on unfavorable terms. Other factors, however, might explain the settlement equally well--for example, a change in substantive policy instituted by a new administration. The unfavorable terms of a settlement agreement, without inquiry into the reasons for the settlement, cannot conclusively establish the weakness of the Government's position. To hold otherwise would not only distort the truth but penalize and thereby discourage useful settlements."
 
 
 29
 Pierce, 487 U.S. at 568. As discussed previously there was clearly a reasonable basis in fact for the Secretary's refusal to grant benefits, as established in the district court's holding that the agency's denial of benefits based upon Suwanski's educational level, was supported with substantial evidence. See Andrews, 845 F.2d at 101. There is nothing to demonstrate that a change in these factual circumstances had been discovered at the time the government settled this case. Suwanski has failed to convince us that the government's agreement to settle this case has undermined the reasonable basis in fact for denying benefits at age 60 that was based upon Suwanski's attainment of a 7th grade education. Because there was a reasonable basis in law and fact for the Secretary's denial of benefits to Suwanski at age 60, the trial court exercised its discretion in a proper manner when it concluded that the Secretary's denial of benefits was "substantially justified," and refused to order an award of attorneys' fees under the Equal Access to Justice Act.
 
 
 30
 AFFIRMED.
 
 
 
 [1]
 For the obligations of the Secretary under the Act dealing with evaluating pending claims under the new regulations, see Shepard v. Sullivan, 898 F.2d 1267, 1269 (7th Cir.1990)
 
 
 [2]
 Under 20 C.F.R. Part 404, Subpart P, App.2, Sec. 203.01, if a person is "closely approaching retirement age" (between ages 60 and 64), has "marginal" or no education and has unskilled or no work experience, he is considered disabled. The Secretary defines "marginal education" as "ability in reasoning, arithmetic, and language skills which are needed to do simple unskilled types of jobs. We generally consider that formal schooling at a 6th grade level or less is a marginal education." 20 C.F.R. Sec. 404, 1564(b)(2)
 
 
 [3]
 Under 20 C.F.R. Part 404, Subpart P, App. 2, Sec. 203.03, if a person is "closely approaching retirement age" (between ages 60 and 64), has a "limited" education and unskilled work experience he is not disabled. The Secretary defines "limited education" as "ability in reasoning, arithmetic and language skills, but not enough to allow a person with these educational qualifications to do most of the complex job duties needed in semi-skilled or skilled jobs. We generally consider that a 7th grade through the 11th grade level of formal education is a limited education." 20 C.F.R. Sec. 404.1564(b)(3)
 
 
 [4]
 Rule 203.03 is considered in footnote 3, supra
 
 
 [5]
 Monarch Beverage Co. v. Tyfield Importers, Inc., 1187, 1192 (7th Cir.1987) (quoting United States v. Northside Realty, Assoc., Inc., 474 F.2d 1164, 1170 n. 5 (5th Cir.1973))
 
 
 [6]
 Id. (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure Sec. 2579, at 710 (2d ed. 1984))