14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Alice JABAAY, Plaintiff-Appellee,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellant.
 No. 92-2962.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 29, 1993.
Decided Dec. 17, 1993.
 
 Before WOOD, JR., MANION and KANNE, Circuit Judges.
 ORDER
 This matter is before the court for review of an award of attorney fees and costs to plaintiff-appellee in the amount of $23,908.40 under the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412. For the reasons set forth below, we reverse and vacate the judgment.
 
 I. BACKGROUND AND PROCEDURAL HISTORY
 
 1
 On August 3, 1983, Jabaay applied for disabled widow's benefits and Supplemental Security Income under the Social Security Act, 42 U.S.C. Sec. 402(d), for back pain and nervousness. Her claim was denied throughout the administrative process. On June 11, 1985, Jabaay filed a complaint seeking judicial review of the Administrative Law Judge's decision. On February 5, 1986, the Secretary moved the district court to remand the case for reevaluation pursuant to section 5(c) of the Social Security Disability Benefits Reform Act of 1984 (Reform Act), Pub.L. 98-460, which provided for further evaluation of claims involving mental impairments where the final administrative decision on the claim was issued between the passage of the statute on October 9, 1984, and the date new regulations implementing the law were published on August 28, 1985. The district court granted the Secretary's motion on February 11, 1986. On remand, Jabaay was found eligible for benefits based on her mental impairment under the new regulations. Subsequently, Jabaay sought EAJA attorney fees.
 
 
 2
 On April 15, 1992, Judge Parsons orally denied Jabaay's application for EAJA fees, reasoning that Jabaay was not a prevailing party because it was the enactment of the new Reform Act, not Jabaay's filing of suit, that caused the Secretary to find her eligible for benefits. The court also determined that the Secretary's original position in denying Jabaay's application was a reasonable interpretation of pre-Reform Act law.
 
 
 3
 Subsequently, however, on April 21, 1992, Judge Parsons issued a Memorandum Opinion and Order that granted Jabaay's motion for EAJA fees. In that Opinion, the court determined that Jabaay was in fact a prevailing party as her application for disability benefits was still pending before the administrative agency at the time the Reform Act was passed and that she directed the agency's attention to the newly enacted Reform Act. Accordingly, since her entitlement to re-evaluation under the Reform Act was part of Jabaay's litigation position before she filed her district court action, the district judge reasoned that Jabaay's lawsuit, and not the enactment of the Reform Act, was the event that triggered the Secretary's re-evaluation of her claim incident to the Secretary's February 11, 1986 motion to remand. In addition, the district judge held that the government's litigation position was based on a clear error of law and hence not substantially justified as the Appeals Council did not recognize that Jabaay had a mental impairment requiring re-evaluation under the revised standards of the Reform Act and denied her request for review. On May 13, 1992, the government moved for reconsideration, which the district court denied in a Memorandum Opinion and Order entered on June 18, 1992.
 
 II. DISCUSSION
 A. Standard of Review
 
 4
 A party is entitled to EAJA fees where the claimant is a prevailing party; the government's position in the underlying litigation was not substantially justified; there are no special circumstances that make an award of fees unjust; and the fee application was submitted to the court within 30 days of the final justment. Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158 (1990). We review a district court's decision to award EAJA fees for an abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 563 (1988); Shepard v. Sullivan, 898 F.2d 1267, 1271 (7th Cir.1990). The dispute in this appeal centers on whether Jabaay was a prevailing party and whether the government's position in this litigation was substantially justified.
 
 B. Analysis
 1. Prevailing Party Status
 
 5
 The government contends that Jabaay was not a prevailing party within the meaning of the EAJA as the relief she ultimately obtained was the result of a change in the governing law, relying on Henricks v. Bowen, 847 F.2d 1255 (7th Cir.1988), and Shepard v. Sullivan, 898 F.2d 1267 (7th Cir.1990). Both Henricks and Shepard involve cases where intervening changes in law established new regulations concerning disability benefits for evaluation of mental impairments. In both cases, we held that the claimants were not prevailing parties within the meaning of the EAJA as the award of benefits resulted from a change in the governing law rather than from the filing of a judicial review lawsuit. Similarly, when Jabaay's case was remanded pursuant to the Secretary's motion, she was found disabled under Listing 12.04 of the new mental impairment regulations that were promulgated pursuant to the Reform Act, a legal standard that did not exist her claim was initially processed or when her judicial review lawsuit was filed.
 
 
 6
 Jabaay argues, in contrast, that while the Reform Act made clear that individuals with mental impairments would be entitled to reevaluation of their claims once new regulations were promulgated, neither the administrative law judge nor the Appeals Council found that Jabaay's case involved a mental impairment. Accordingly, Jabaay contends that it was her lawsuit that prompted the Secretary to recognize that she had a mental impairment and thus that she was entitled to have her claim reevaluated under the Reform Act. Thus, Jabaay contends that her lawsuit played a "provocative role" in securing a remand and, ultimately, disability benefits.
 
 
 7
 Like the district judge who reasoned initially that Jabaay was not a prevailing party and then determined that she was, we, too find this to be a close question. Accordingly, we cannot say that it was an abuse of discretion to find that Jabaay was a prevailing party.
 
 
 8
 2. Substantial Justification of Government's Position
 
 
 9
 Next, the government argues that the district court abused its discretion in finding that its position in the litigation was not substantially justified in that the regulations under which Jabaay was found to be disabled were not in effect until after Jabaay filed her lawsuit and that the Secretary could not accept remand of her case for reevaluation until those regulations were published. The government bears the burden of demonstrating that its position was substantially justified, and satifies that standard if it established that its position had a reasonable basis in law and fact even if that position was erroneous. Cummings v. Sullivan, 950 F.2d 492, 495, 497 (7th Cir.1991). Where, as here, a case is remanded to the Appeals Council for further administrative proceedings, the focus is on the Secretary's initial position in the litigation. Melkonyan v. Sullivan, 111 S.Ct. 2157, 2165 (1991).
 
 
 10
 The district judge determined that the government's pre-remand litigation position was unreasonable in that the Secretary had clearly erred in maintaining its position that Jabaay was not entitled to benefits under the Reform Act until it moved to remand the case after submission of Jabaay's brief in support of her motion for summary judgment. We disagree, and hold that the district court abused its discretion in determining that the government's position in this litigation was not substantially justified.
 
 
 11
 As the government points out in its supplemental brief, Jabaay's position in this litigation was that she was entitled to reevaluation based on section 3 of the Reform Act, which required the Secretary to consider a claimant's combination of impairments throughout the sequential evaluation process. Jabaay did not rely on section 5 of the Reform Act, which required reevaluation of claims involving mental impairments. That was the basis upon which Jabaay was found on remand to be entitled to benefits. We cannot envision how the government's position could not be substantially justified when a claimant seeks reversal of the Secretary's decision on one basis, which the government opposes, and then prevails on another ground pursuant to the Secretary's remand motion. Accordingly, we hold that the government's position in this litigation was substantially justified and that Jabaay is not entitled to EAJA fees.
 
 Conclusion
 
 12
 The judgment of the district court is REVERSED.