**CALIFORNIA FRUIT EXCHANGE**
**v. HENRY et al.**
**Civ. A. No. 6866.**

United States District Court
W. D. Pennsylvania.
Jan. 3, 1951.

**654**

Harvey A. Miller (of Miller & Miller), Pittsburgh, Pa., for plaintiff.

George S. Goldstein, Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

The matters herein arise under the Perishable Agricultural Commodities Act. 7 U.S.C.A. § 499a et seq.

An award was made under the Act in favor of the plaintiff in the amount of $2119.40 with interest from October 22, 1946.

At the first trial, before a member of this Court, now deceased, the award was sustained by the jury. However, a new trial was · granted by the Court. Slip opinion and order filed January· 29, 1949.

At the second trial, before this member of the court, the award under the Act was not sustained by the jury. However, a verdict was returned and judgment entered thereon in the amount of $1.00 in favor of the plaintiff. D.C., 89 F.Supp. 580.

The plaintiff appealed and judgment was affirmed with costs by the Court of Appeals for the Third Circuit, Hackworth v. Hiatt, 184 F.2d 517.

The plaintiff now requests the Court to approve as part of the costs of said proceeding the following:

I. An allowance for costs and attorney fees incident to the first trial.

II. An allowance for costs and attorney fees incident to the second trial.

III. An allowance for costs incident to the appeal to the Circuit Court, for the printing of the record and paper books.

I. Is plaintiff entitled to costs and counsel fees incurred during the course of the first trial when a new trial was awarded the defendants?

Where upon new trial, a judgment is reversed, the prevailing party is entitled to recover costs and disbursements usually in conformity with state practice where no specific provision is made by federal statute. United States v. Minneapolis, St. P. & S. S. M. R. Co., D.C., 235 F. 951; Gold Dust Corp. v. Hoffenberg, 2 Cir., 87 F.2d 451; Ex parte Peterson, 253 U.S. 300, 40 S.Ct. 543, 64 L.Ed. 919.

No provision exists in the Act for the allowance of costs and attorney fees unless the appellee shall prevail. 7 U.S.C.A. § 499g(c).

I cannot conclude that an appellee "prevails" in an action, as intended under the Act, when said appellee's judgment is reversed and a new trial granted.

In Pennsylvania where a judgment is reversed, even if the same party prevails on retrial, said party is not allowed to tax costs which arise during the first trial. Havard v. Davis, 1 Browne, Pa., 334; 20 C.J.S., Costs, § 310(B).

Plaintiff's counsel, therefore, cannot reasonably assert a claim for costs or counsel fees either under the Act or the law of Pennsylvania, which arose out of the first trial, since the verdict and judgment were not ·a final adjudication.

II. Is the plaintiff and its counsel entitled to costs and attorney fees for services performed in the course of the second trial?

The judgment entered in the plaintiff's favor in the amount of One Dollar ($1.00) has become a final adjudication.

The plaintiff is entitled to interest from May 11, 1949, costs, and a reasonable attorney's fee.

■ Counsel for the plaintiff was committed to the Court and his client's interest for a period of five days in the second trial. On the basis of charges commonly made by members of the bar in this Court, I believe the amount of Three Hundred Fifty Dollars ($350.00) would be a fair and reasonable allowance. Accordingly, the plaintiff may tax as a part of the costs the amount of Three Hundred Fifty Dollars ($350.00) for counsel fees.

III. Is plaintiff entitled to costs for the printing of the record and paper books on appeal when the Circuit Court sustained the judgment of the District Court?

The question is made clear by the Federal Rules of Civil Procedure and rules of the Circuit Court of Appeals for the Third Circuit.

Rule 54(d) of Federal Rules of Civil Procedure, 28 U.S.C.A., provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs".

Rule 1 of the Federal Rules of Civil Procedure provides that the Federal Rules of Civil Procedure and the rules of the District Court, and of the Circuit Court of Appeals, have the effectiveness of law.

Consequently, Rule 35(2) of the Third Circuit must be deemed to have the effect of law.

Rule 35(2) provides: "When Judgment, Order or Decree Affirmed. In all cases of affirmance of any judgment, order or decree in this court, costs shall be allowed to the appellee or respondent, unless otherwise ordered by the court."

Plaintiff admits the applicability of this rule but contends that costs were allowed it by virtue of the Final Order of the Circuit Court of Appeals, in that it affirmed the judgment of the District Court "with costs." (Emphasis supplied.) Plaintiff asserts that such statement applies to him under provision of Rule 35(2) wherein the court may exercise its discretion to allow costs to other than successful parties.

I do not construe the term "with costs" as having any applicability to the unsuccessful litigant. The words undoubtedly have reference to the usual effect of Rule 35(2) of awarding costs to the appellee, when the appellee is sustained. I am convinced that if the Circuit Court desired to award the costs in question to the unsuccessful appellant, it would have clearly asserted its intention to do so. I cannot accept plaintiff's tortured construction of the Circuit Court's language.

The claim to have taxed as costs the expense of the plaintiff, appellant in the Circuit Court, the costs incident to the printing of the record and paper books for appeal is denied.