**NELSON et al. v. KERZNER et al.**

Civ. No. 9362.

United States District Court
E. D. Pennsylvania.

March 18, 1953.

950

Gray, Anderson, Schaffer & Rome, Philadelphia, Pa., for plaintiffs.

Ned Stein, Philadelphia, Pa., for defendant, Jack Kerzner.

FOLLMER, District Judge.

The matters herein arise under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C.A. § 499a et seq. J. E. Nelson, James W. Nelson and Donald G. Nelson, doing business as J. E. Nelson & Sons, filed their complaint with the Secretary of Agriculture against Jack Kerzner and Monte Cross. The Secretary issued a reparation award of $651.95, with interest thereon at five per cent. per annum from April 1, 1947, in favor of plaintiffs and against the defendant Kerzner. Being of the opinion that they were properly entitled to reparation in the amount of $1,847 with interest instead of the amount awarded, the plaintiffs took their appeal as aggrieved parties under 7 U.S.C.A. § 499g (c).

While the appeal to this Court was a trial de novo, the case was submitted on the basis of the record made in the proceeding before the Secretary of Agriculture. No further evidence was adduced before the Court. On July 28, 1952, the Court entered judgment in favor of the plaintiffs against Kerzner in the sum of $651.95 with interest thereon at five per cent. per annum from April 1, 1947, until paid.

The matter is presently before the Court on petition of the attorney for Kerzner for an award in the sum of $250 for attorney's fee under 7 U.S.C.A. § 499g(c).

The pertinent portion of the Act reads as follows: "Appellee shall not be liable for costs in said court if appellee prevails he shall be allowed a reasonable attorney's fee to be taxed and collected as a part of his costs." As written, this sentence does not make complete sense, and has called for an editorial comment of "So in original" in the Annotated Code. Reading the entire paragraph (c) it is obvious that the word "and" is omitted between the words "prevails" and "he."

In this case plaintiffs were successful in their action before the Secretary of Agriculture but not as successful as they felt they should be, so they appealed. In the hearing before the Secretary it developed that defendant Kerzner stood ready to remit the full proceeds of the sale of the celery in question to plaintiffs without any deduction for services, but that none of the same had been remitted. The amount of the Secretary's award was $651.-95, which was the exact amount received by Kerzner from the sale.

Plaintiffs argue that in order for an appellee to prevail in a trial de novo as intended under the Act, it is necessary for him to obtain a judgment in his favor, stating "We cannot conceive how an appellee can be said to prevail when a judgment has been entered against him by the District Court." In support of their position they cite California Fruit Exchange v. Henry, D.C.W.D.Pa., 94 F.Supp. 653. On an earlier phase of this case reported in 3 Cir., 184 F.2d 517, the court described the action in the District Court as follows:

"* * * The Secretary of Agriculture had made a reparation award of $2,119.40 with interest representing the plaintiff's damages resulting from the rejection by the defendants of two cars of grapes which they had purchased from the plaintiff. In the appeal proceeding in the district court the plaintiff sought a verdict for the amount of the reparation award, while the defendants sought a verdict for $1,125.50 with interest upon a counterclaim for loss of profits which they suffered because of the defective

quality of the grapes. The jury rendered a verdict for $1.00 in favor of the plaintiff upon which judgment was entered."

The court in 94 F.Supp. 653 allowed the plaintiff counsel fee. It is difficult to tell from either opinion who the appellee was. The appellate court opinion indicates that in the "appeal" to the District Court the plaintiff "sought a verdict for the amount of the reparation award, while the defendants sought a verdict * * * upon a counterclaim * * *." The jury's verdict to all intents and purposes refused both, but awarded a judgment in favor of plaintiff for $1. If then the so-called appeal of the plaintiff was only by way of enforcement of the award of the Secretary, while that of the defendant was for a modification of the award by the amount of the counterclaim, it would seem that plaintiff would qualify under the Act as the appellee and consequently, judgment having been entered against the defendant on its counterclaim appeal, would be entitled to counsel fee.

 The instant case presents an entirely different state of facts. Here, the Secretary makes an award of $651.95 in favor of the plaintiffs. The plaintiffs appeal to this Court from that award because in their opinion it should have been for $1,847. In the meantime, defendant withholds payment. This Court affirms the action of the Secretary. The net result of this is to refuse the appeal, and even though in affirming the award of the Secretary we did direct the entry of judgment in favor of plaintiffs and against the defendant, here the appellee, in our opinion to all intents and purposes and within the meaning of the Act the appellee did prevail and accordingly is entitled to reasonable counsel fees.

 Plaintiffs argue that in the event the Court feels that defendant is entitled to counsel fee it should be minimal and nominal. In support of this position, plaintiffs remind us that the case was submitted to this Court on the basis of the record made before the Secretary and that there is no provision in the Act for the allowance of a fee for services rendered in a proceeding before the Secretary, that the brief submitted here was substantially the same as the one presented before the Secretary. I feel that position is well taken and accordingly conclude that a fee of $50 for counsel fees would be a fair and reasonable allowance. Having in mind that the appealed from award of the Secretary in the sum of $651.95 with interest still remains unpaid, that the appeal therefrom was denied by this Court and on July 28, 1952, judgment was entered in favor of the plaintiffs and against Jack Kerzner, defendant, in the sum of $651.95 with interest, an order will now be made crediting the judgment heretofore entered by the sum of $50 counsel fee allowed as aforesaid, so that the judgment as amended by the said credit shall be in the sum of $601.95 with interest thereon at five per cent. per annum from April 1, 1947, until paid.