C. F. SMITH, INC., Complainant and Petitioner,

v.

Sam BUSHALA, Respondent.

No. 41167.

United States District Court
N. D. California, S. D.

July 22, 1964.

Shearer, Thomas & Lanctot, Merrill C. Morshead, Jr., San Francisco, Cal., for complainant and petitioner.

Langer & Simpson, San Francisco, Cal., attorneys for respondent.

HARRIS, Chief Judge.

This is an appeal from an adverse ruling of the Department of Agriculture made in an action brought by complainant-petitioner for moneys due for the sale of a truckload of cucumbers to respondent. After a hearing, the Judicial Officer of the Department made a reparation award in favor of respondent on his cross-complaint in the amount of $391.99, such sum representing the loss sustained in disposing of the cucumbers on a consignment agreement following their arrival in San Francisco from South Carolina. Petitioner had sought to recover $1435 as the balance due on the contract price of the cucumbers, respondent having paid the trucking concern its freight charges upon delivery of the load in San Francisco.

The court heard the case in a trial de novo (7 U.S.C.A. § 499a et seq.); if the findings of fact and order of the secretary, which are prima facie evidence of the facts set forth, are consistent with the record made in the instant case, then the order should be affirmed. (Bell v. Main, D.C., 49 F.Supp. 689)

The facts disclose that petitioner, C. F. Smith, Inc., contracted to sell a truckload of 608 bushels of cucumbers, f. o. b. inspection and acceptance arrival San Francisco with respondent, Sam Bushala. The truck driver was instructed to phone respondent for instructions while enroute. In Tucson, Arizona, respondent directed the driver to proceed to Fresno, California, for disposition of part of the

load (for reshipment to Seattle and for sale to a produce house).

Enroute to San Francisco, the driver stopped in Oakland in accordance with instructions of respondent and delivered ninety bushels. On June 21, 1960, at least one day later than he would have reached San Francisco had he not driven by way of Fresno and Oakland, the driver reported to respondent who arranged for a prompt inspection. When the Department of Agriculture report disclosed that the condition of the cucumbers was such as to preclude marketing on a profitable basis, respondent sent a telegram to petitioner in which he agreed to handle the shipment for the account of Smith.

Respondent's sales efforts failed to cover costs, the freight charges having been advanced to the trucker when he delivered the cucumbers. Petitioner contends that respondent is liable for the full contract price since it was his instructions which caused the delay in arrival of the shipment and thus made possible the deterioration and spoilage. He points out that the heat of Fresno and the exposure to such heat during the stops as well as the further exposure in Oakland all contributed to the yellowing and softening of the cucumbers.

■ Respondent in turn points out that the shipment was already spoiled in part when it reached Fresno and was rejected in the first instance by the produce concern of Levy and Zentner, which only agreed to take it on certain conditions after a phone call to respondent in San Francisco. Within six hours of the inspection by the Department of Agriculture, respondent sent his telegram to petitioner. Thereafter, sales were made on a consignment basis on behalf of C. F. Smith, Inc. So the Judicial Officer of the Department found after a full hearing, including consideration of the telegram which petitioner argues is equivocal. The sequence of events is certainly as consistent with a consignment as it is with the transfer of title to respondent. Under these circumstances, the reparation award of the Secretary of Agriculture to respondent should be upheld.

Petitioner argues that respondent's sale of cucumbers in Fresno and Oakland gave rise to an acceptance under the contract at least as to that part of the shipment which was disposed of before the truck reached San Francisco. Based on a contract price of $4.00 per bushel, respondent would have received $1160.00. Thereafter, he realized $341.05 when acting on behalf of petitioner for a total of $1501.05. Crediting him with $997.00 which he paid for freight, he would now owe $504.05.

■ This theory, while perhaps an equitable interpretation of events, seeks to shift responsibility in large measure to respondent despite his legitimate rejection of the cucumbers and his agreement to act on a consignment basis, as found by the Secretary of Agriculture. Such responsibility may well rest on the shoulders of the trucker who maintained his vehicle at a temperature during the hot summer month of June which failed to prevent cucumbers which were in good condition when loaded in South Carolina from deteriorating by the time they reached California. But it does not create liability on the part of respondent.

■ Just as respondent might have accepted the cucumbers in San Francisco and sued for damages because of their condition, so he may now receive reparations for his expenditures on behalf of petitioner. His forbearance in not suing is good consideration for his new contract to act on a consignment basis (cf. Lincoln Holding Corp. v. Levering, 219 Cal. 427, 27 P.2d 74).

Respondent points out the expense he has been subject to in defending this litigation and asks an award of attorneys' fees under section 7(c) of the Perishable Agricultural Commodities Act, 7 U.S. C.A., supra. His request is in the amount of $500. Such an award rests in the sound discretion of the court.

■ In equalizing the respective burdens cast upon the litigants herein, it would seem equitable to deny the application for $500 attorneys' fees.