**ROBINSON FARMS CO.,**
**Plaintiff–Appellant,**

v.

**Anthony D'ACQUISTO, d/b/a**
**Tropic Banana Company,**
**Defendant–Appellee.**

No. 91–1017.

United States Court of Appeals,
Seventh Circuit.

Argued June 10, 1991.

Decided May 6, 1992.

Stephen W. Pasholk (argued) and Sabrina Doll, Gibbs, Roper, Loots & Williams, Milwaukee, Wis., for plaintiff-appellant.

Henry G. Piano (argued) and Mark S. Tishberg, Milwaukee, Wis., for defendant-appellee.

Before CUDAHY, COFFEY and FLAUM, Circuit Judges.

COFFEY, Circuit Judge.

Robinson Farms Company (Robinson Farms) sued Anthony D'Acquisto, doing business as Tropic Banana Company (Tropic) for payment on a load of cantaloupes delivered to Tropic in July of 1987.[1] D'Acquisto paid for the cantaloupes upon receiving them, but later stopped payment on his check, claiming the cantaloupes were of inferior quality. Robinson Farms then filed a complaint with the United States Department of Agriculture under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499f. The Secretary of Agriculture ordered Tropic to pay $3,030, the full price of the load, plus interest. Tropic appealed this decision to the district court, where magistrate judge Goodstein held a trial, finding that Robinson Farms was only entitled to $721.60 plus interest.

7 U.S.C. § 499g. The court also decided that neither party was entitled to costs or fees. Robinson Farms appeals, claiming that because it was the prevailing party, PACA mandates that Tropic pay its costs and attorney's fees. We agree, and reverse the magistrate judge's decision.

## I. BACKGROUND

On July 11, 1987, Robinson Farms shipped a truckload of 5,050 cantaloupes from Vincennes, Indiana to Tropic in Milwaukee, Wisconsin. Tropic had agreed to pay sixty cents each for the cantaloupes, cash on delivery. Because of difficulties concerning a prior shipment to Tropic, the Robinson Farms driver insisted on receiving payment in full before allowing Tropic to unload the truck. Mr. D'Acquisto gave the driver a personal check for $3,030, then unloaded the melons. At this point he discovered that the melons were not of the quality bargained for, and so called Ken Frey, the Robinson Farms employee responsible for the deal. According to Mr. D'Acquisto, he complained to Mr. Frey about the quality of the melons, and the two agreed Tropic would "sell the melons for Robinson Farms' account," and Robinson Farms would "protect" Tropic for its expenses. Apparently this meant that Tropic would take the cantaloupes on consignment, paying for only those that it could sell, less any expenses incurred in disposing of the remaining melons. Mr. Frey, however, remembered no such deal or any complaints about the quality of the load; he only remembered Mr. D'Acquisto asking some questions about the C.O.D. term and the driver's demand for payment up front. A few days later Mr. D'Acquisto stopped payment on his check, apparently believing that the modification of the deal had negated the need for full payment. Robinson Farms, in turn, filed its complaint.

The Secretary of Agriculture ordered Tropic to pay Robinson Farms $3,030 plus

---

1. Robinson Farms is an Indiana Corporation with its principal place of business in Vincennes, Indiana. Anthony D'Acquisto is a United States citizen, and Tropic's principal place of business is in Milwaukee, Wisconsin.

interest. The Secretary did not consider the question of whether D'Acquisto and Frey had agreed to modify the terms of the deal during their phone conversation, as Tropic filed an unsworn answer to Robinson Farms' complaint, which, under the holding in *Frank W. Prillwitz, Jr. v. Sheehan Produce*, 19 Agric.Dec. 1213 (1960) could not be given any evidentiary value. Thus the Secretary had heard only one side of the story. Tropic then sought review in the district court pursuant to 7 U.S.C. § 499g, where the parties agreed to have a magistrate judge decide the case. *See* 28 U.S.C. § 636(c). The magistrate judge found that the parties had made an accommodation to fit the circumstances, with Tropic agreeing to pay Robinson Farms only for the melons it could sell, less any expenses incurred in disposing of those that spoiled. This meant that D'Acquisto acted sensibly in stopping payment on the check, as the deal had become a consignment rather than a sale, and he would not know how much to pay Robinson Farms until all of the melons were either sold or otherwise disposed of. Reviewing the exhibits establishing that 1,411 cantaloupes had been sold, the magistrate judge found that Tropic owed Robinson Farms $846.60 (.60 × 1,411), but that it would receive credit for the $125 spent in disposing of the unsold fruit. The court therefore held that Tropic owed Robinson Farms $721.60 ($846.60 − $125) plus interest.[2]

Along the way the court stated that Robinson Farms "can be considered as the prevailing party," Decision and Order, p. 15, because it had received some relief on its claim and the suit was a catalyst in obtaining the award. Even so, the magistrate judge declined to grant Robinson Farms costs and reasonable attorney's fees under 7 U.S.C. § 499g(c), finding that he had discretion on this point and deciding that the equities of the case called for each side to bear its own expenses.

Robinson Farms asserts that the court erred on this point, and that PACA makes an award of costs and reasonable attor-

ney's fees to a prevailing party mandatory. Tropic does not dispute this, but argues instead that Robinson Farms was not a prevailing party, pointing to its failure to meet its burden of proving that Tropic had accepted the load, and the fact that the court reduced the award by over two-thirds. These facts, Tropic alleges, show that Robinson Farms cannot reasonably be viewed as the prevailing party.

## II. ISSUES FOR REVIEW

The statute at issue is 7 U.S.C. § 499g(c), which provides, in relevant part:

> Either party adversely affected by the entry of a reparation order by the Secretary may, within thirty days from and after the date of such order, appeal therefrom to the district court of the United States for the district in which said hearing was held[.] ... Appellee shall not be liable for costs in said court and if appellee prevails he shall be allowed a reasonable attorney's fee to be taxed and collected as part of his costs.

*Id.* (emphasis added). As framed by the parties, the questions in this case are: (1) Was Robinson Farms the prevailing party? and (2) If so, was it automatically entitled to have Tropic pay its costs and reasonable attorney's fees?

## III. DISCUSSION

### A. *Prevailing Party*

■ We first address the question of whether Robinson Farms was indeed the prevailing party. "Regardless of the statutory basis, the standards for defining a prevailing party are the same." *Hendricks v. Bowen*, 847 F.2d 1255, 1257 n. 3 (7th Cir.1988). The Supreme Court has discussed these standards.

> A plaintiff must be a "prevailing party" to recover an attorney's fee under § 1988. The standard for making this threshold determination has been framed in various ways. A typical formulation is that "plaintiffs may be considered 'pre-

---

**2.** The magistrate judge also changed the starting date for calculating interest on the award from August 1, 1987 to July 22, 1987. Neither party has argued that this was improper, and so we need not address the issue.

vailing parties' for attorneys fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (CA1 1978). *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (footnotes omitted). Recently returning to the issue, the Court reaffirmed the *Hensley* standard, stating that "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Texas State Teachers v. Garland Independent School District,* 489 U.S. 782, 792–93, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989). Robinson Farms maintains that it has received the benefit it sought in bringing suit—it has been paid for the cantaloupes. Tropic sees the question as more complicated.

Tropic's argument that Robinson Farms did not prevail is based on the language in the magistrate judge's decision. Specifically, it contends that when the court wrote, "Robinson Farms has failed to sustain its burden of proof that the defendant Tropic Banana accepted the load of melons in accordance with the invoice," Decision and Order, p. 12, and "the reparation order has not been affirmed," *id.* at 14, it meant that Robinson Farms had actually lost its case, and was not the prevailing party. But Tropic's selective quoting of the opinion overlooks its real substance. Though denying costs and fees to Robinson Farms because it considered that decision discretionary, the court stated in plain language that "the plaintiff can be considered as the prevailing party." *Id.* at 15. The magistrate judge also discussed the issue of Robinson Farms' entitlement to fees and costs, a point relevant only if Robinson Farms was the prevailing party. Plainly, then, the magistrate judge thought Robinson Farms

had prevailed, and we find no error in that decision.[3]

Tropic also argues, however, that Robinson Farms did not prevail because the magistrate reduced its award, citing *Nelson v. Kerzner,* 110 F.Supp. 949 (E.D.Pa.1953). In *Nelson* the plaintiff prevailed before the Secretary of Agriculture but appealed, seeking a larger award. The district court then affirmed the Secretary's decision, but declined to increase the plaintiff's damages. On the attorney's fees question the court held that, even though it entered judgment in favor of the plaintiff, the defendants actually prevailed because the plaintiff had not increased its recovery by appealing. Tropic contends that the decrease in Robinson Farms' award makes this case analogous; we disagree and hold that *Nelson* is distinguishable and unpersuasive. *Nelson* involved a plaintiff's self-interested appeal; it was his own fault that he had increased his attorney's fees without fattening his purse. Here the defendant appealed, and Robinson Farms had no choice but to incur more legal expenses in attempting to protect its award. *Cf. Ustrak v. Fairman,* 851 F.2d 983, 990 (7th Cir.1988) ("[W]hen the defendant appeals and the plaintiff incurs expenses in defending against the appeal that are reasonable *even though they are not crowned by complete success, ordinarily he should be entitled to reimbursement of those fees; he had no choice but to incur them or forfeit his victory in the district court.*") (emphasis added). Further, even though the *Nelson* decision might be defended on the ground that the plaintiff on appeal did not receive *any* of the relief sought, it contravenes the general rule that whichever party has judgment entered in its favor is the prevailing party. 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2667, at 178 (1983); 6 Moore's Federal Practice, ¶ 54.70[4], at 54–

---

**3.** The standard of review on this issue is somewhat unsettled. Various panels of this circuit have said that we review a decision as to who is a prevailing party for either clear error, *Nanetti v. University of Illinois at Chicago,* 867 F.2d 990, 993 n. 2 (7th Cir.1989), or an abuse of discretion. *Shepard v. Sullivan,* 898 F.2d 1267, 1271

(7th Cir.1990) (citing *Lovell v. City of Kankakee,* 783 F.2d 95, 96 (7th Cir.1986)). Whatever practical difference there may be between the standards, we need not pick one here, as the magistrate judge's decision would pass muster under either.

323 (1990); *see Illinois Welfare Rights Organization v. Miller,* 723 F.2d 564 (7th Cir.1983) (plaintiff need not succeed at a formal trial to receive fees under civil rights statute, so long as he or she has vindicated rights in some manner, e.g. via settlement). Robinson Farms received some of the relief sought and had judgment entered in its favor, and thus was the prevailing party. *See First Commodity Traders v. Heinold Commodities, Inc.,* 766 F.2d 1007, 1015 (7th Cir.1985).[4]

Finally, as Tropic does not argue that Robinson Farms' suit was irrelevant in its recovery, we need not address the issue of whether the litigation here was a "catalyst" in securing relief, a factor sometimes considered in deciding who is a prevailing party. *See Hendricks,* 847 F.2d at 1258. It is quite clear that this suit played a provocative role in Robinson Farms' recovery; absent the suit there would have been no payment.

### B. *Attorney's Fees*

■ Given that Robinson Farms was the prevailing party, we next address the question of whether it is automatically entitled to costs and reasonable attorney's fees under §. 499g(c). Robinson Farms interprets the statute as *requiring* district courts to award fees to a prevailing appellee. While Tropic seemed to contest this in its brief by asserting that the magistrate judge correctly treated the decision to award fees as discretionary, it wisely conceded the point at oral argument. We say wisely because we agree with Robinson Farms' interpretation of § 499g(c). To begin, the statute uses "shall," a term generally interpreted as mandatory and excluding discretion. As this court has observed:

> The term "shall" ordinarily is mandatory and not precatory. *Anderson v. Yangkau,* 329 U.S. 482, 485, 67 S.Ct. 428, 430, 91 L.Ed. 436 (1947). "Shall" always is imperative where a right or benefit depends on that verb. *Allied Fidelity Insurance Co. v. State,* 415 So.2d 109, 111 (Fla.3d D.C.A.1982). *Cf. Stewart v. Chevron Chemical Co.,* 111 Wash.2d 609, 762 P.2d 1143, 1145 (1988) ("should"—as distinguished from "shall,"—can be discretionary, not obligatory); *Cusumano v. Ratchford,* 507 F.2d 980, 985 (8th Cir.1974) ("should," not "shall," can be not mandatory but precatory).

*Banner Industries v. Central States Pension Fund,* 875 F.2d 1285, 1288 n. 2 (7th Cir.1989); *see also* Black's Law Dictionary 1233 (5th ed. 1979) (defining "shall"—"It has the invariable significance of excluding the idea of discretion"). We give "shall" its normal, imperative meaning, and find that the granting of fees under § 499g(c) is not discretionary, though the amount of fees is.[5]

This decision is bolstered by PACA's aim of suppressing unfair practices in the marketing of perishable commodities. *See Birkenfield v. United States,* 369 F.2d 491, 494 (3d Cir.1966). In light of this purpose, Robinson Farms argues, the attorney's fees provision must be mandatory to provide an incentive to shippers and buyers to

---

**4.** The dissent argues that Tropic is actually the prevailing party in this case, having succeeded in reducing Robinson Farms award. Unless an award is purely technical or *de minimis,* however (an argument Tropic does not pursue), its size is irrelevant to the prevailing party question, becoming significant only when the court considers what fees are reasonable. *Texas State Teachers,* 489 U.S. at 793, 109 S.Ct. at 1493 ("the degree of the plaintiff's overall success goes to the reasonableness of the [fee] award, *not to the availability of the award vel non.*") (emphasis added). We also note, without deciding the issue, that Robinson Farms' fee award will likely be limited not only by its degree of success, but also by its rejection of Tropic's $1,000 offer of judgment. Fed.R.Civ.P. 68.

**5.** The parties direct us to cases purportedly supporting their respective interpretations of the statute as either allowing or excluding discretion. Unfortunately the cases are unhelpful. Tropic cites *C.F. Smith v. Bushala,* 232 F.Supp. 178 (N.D.Cal.1964), which treats the award of fees under § 499g(c) as discretionary, but offers no substantive analysis. Cases cited by Robinson Farms award fees, but without a supporting rationale. *E.g., Flood v. M.P. Clark, Inc.,* 319 F.Supp. 1043, 1048 (E.D.Pa.1970); *Jackson v. Harrisburg Daily Market, Inc.,* 198 F.Supp. 490, 492 (M.D.Pa.1961). Nor do the cases concerning other subsections of § 499g offer much enlightenment. *E.g., Grumman Corp. v. LTV Corp.,* 533 F.Supp. 1385, 1387 (E.D.N.Y.1982) (awarding fees under § 499g(b)).

enforce their rights, even when there is not a great deal of money at stake. By making fees an automatic part of the prevailing party's recovery, the argument proceeds, smaller shippers will be encouraged to sue where they otherwise would be at the mercy of customers who decide to "renegoti-ate" a transaction after the shipper has incurred the transportation cost, and while the perishable foods spoil or diminish in value due to an unanticipated delay. Likewise, small buyers would have an incentive to sue suppliers that ship rotten fruit and demand full payment on delivery.

This argument is persuasive. It is also reinforced by the structure of § 499g, which uses language similar to that in subsection (c) to award costs and fees in actions before the Secretary of Agriculture (§ 499g(a)), and in cases where the losing party fails to comply with the Secretary's order and the plaintiff must go to district court to enforce it. § 499g(b). This seems to evince a general purpose to award fees to prevailing plaintiffs, encouraging vigorous private enforcement of the law, thereby creating a fair marketplace. Fee-shifting provisions under the civil rights laws have a similar goal—to encourage citizens to act as "private attorneys general" by litigating viable constitutional claims. *See Newman v. Piggie Park Enterprises*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); 42 U.S.C. § 1988. In both cases the prospect of recovering attorney's fees helps induce plaintiffs to sue, rather than accepting an injustice and hoping someone with better financial means will stand up to the wrongdoers, as well as attracting attorneys to take on cases they might otherwise neglect because of a plaintiff's penury. Based on the language of the statute and the policy behind it, we hold that § 499g(c) makes attorney's fees a mandatory part of a prevailing party's award.

## CONCLUSION

Having found that Robinson Farms was the prevailing party and that prevailing parties are automatically entitled to reasonable costs and attorney's fees under 7 U.S.C. § 499g(c), we REVERSE the district court and REMAND for a determination as to the exact amount of costs and fees that Robinson Farms should receive.

REVERSED AND REMANDED.

CUDAHY, Circuit Judge, dissenting.

If this were a civil rights case, and we were applying 42 U.S.C. § 1988, I would not hesitate to agree with the majority that Robinson Farms was a "prevailing party" entitled to attorney's fees. But we are not. Instead, we are applying 7 U.S.C. § 499g(c), which mandates attorney's fees only for prevailing *appellees*.

The only factual dispute between the parties was whether Tropic accepted the cantaloupes on consignment. Robinson Farms persuaded the Secretary of Agriculture that Tropic bought the cantaloupes outright, and on that theory, Robinson Farms was entitled to $3,030. Tropic appealed, and the District Court held that Tropic had accepted the fruit on consignment (or at least that Robinson Farms failed to prove otherwise). Under this view of the facts, Tropic owed only $721.60. Robinson Farms may have won the litigation, but the outcome of the *appeal* can only be characterized as a loss. Since Robinson Farms was not a prevailing appellee, I do not believe that it is entitled to attorney's fees under the statute. Accordingly, I respectfully dissent.